**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**REGINALD JONES,**

        **Plaintiff,**

    **v.**                        **CASE NO. 10-3167-SAC**

**CORRECTIONS CORPORATION**
**OF AMERICA,**
**et al.,**

        **Defendants.**

### O R D E R

This "Complaint for Negligence" was filed pro se by an inmate of the Leavenworth Detention Center, Leavenworth, Kansas (LDC), which is privately owned and operated by the Corrections Corporation of America (CCA).

The only named defendants a re the CCA and Canteen Services, Inc. Plaintiff claims that since he has been confined at the CCA, defendants have been advised that he is highly allergic to food containing onions, and owed a duty to not provide him with such food. He claims defendants breached that duty on December 15, 2009, by serving him a salad containing onions, which he ate. He further claims that he had a severe allergic reaction, "was physically injured (and) has suffered mental physical pain," and is currently taking medication due to injuries and receiving mental health counseling. Plain tiff seeks actual, compensatory and punitive damages plus costs.

**FILING FEE**

Plaintiff has filed an application to proceed Without

Prepayment of Fees (Doc. 2), and has attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a plaintiff granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted leave to proceed in forma pauperis merely entitles an inmate to proceed without prepayment of the full fee, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2). Furthermore, § 1915(b)(1), requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit to plaintiff's account is $ 117.83, and the average monthly balance is $ 53.63. The court therefore assesses an initial partial filing fee of $ 23.50, twenty percent of the average monthly deposit, rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and will be given time to submit the fee to the court. His failure to submit the initial fee in the time allotted may result in dismissal of this action without further notice.

**SCREENING**

Because Mr. Jones is a prisoner, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from

such relief. 28 U.S.C. § 1915A(a) and (b). Having screened all materials filed, the court finds that the complaint is subject to being dismissed for reasons that follow.

The court takes judicial notice of <u>Jones v. CCA</u>, Case No. 10-3009 (D. Kan., Feb. 12, 2010). In that case, which was voluntarily dismissed prior to service on defendants, Mr. Jones sought money damages from the same defendants based upon the same incident. He was advised in the court's screening order that neither the CCA nor Canteen Services was a proper defendant in a civil rights complaint for money damages under <u>Bivens</u> and 28 U.S.C. 1331, and that neither was a "person" subject to suit under 42 U.S.C. § 1983. <u>Id.</u> Mr. Jones was specifically advised that the proper defendant in <u>a Bivens</u> action is a federal official or agent acting in his or her individual capacity, not a private corporation. <u>Id.</u> He was also informed that the facts he alleged appeared to state a claim of negligence rather than of federal constitutional violation, and that Kansas law provides a remedy in state court against private tortfeasors for actions amounting to negligence. <u>Id.</u>

Plaintiff apparently believes he can bring a claim against the same improper defendants in federal court as a negligence action by asserting diversity jurisdiction under 28 U.S.C. § 1332. He alleges that he resides at the LDC in Kansas, and that the defendants are corporations of states other than Kansas. While this court has diversity jurisdiction in a case where the plaintiff is a resident of Kansas and establishes that all defendants are not, the plaintiff is also required to name the proper defendant(s). Plaintiff does not name as defendant the person or persons who actually took the allegedly illegal act or acts upon which his Complaint is based. In

3

other words, he alleges no facts indicating that either corporation named as defendant caused and therefore may be held liable for the isolated incident of negligence alleged in the Complaint.

Plaintiff will be given time to show cause why this action should not be dismissed for failure to name a proper defendant and failure to allege facts indicating that the named defendants may be held liable for his claims. If plaintiff fails to show cause within the time allotted, this action will be dismissed without further notice.[1]

In plaintiff's prior action, this court withdrew its assessment of the $350.00 filing fee upon plaintiff's filing of notice of voluntary dismissal. If plaintiff's motion to proceed without prepayment of fees is granted in this action, he will be assessed the fee.

**IT IS THEREFORE ORDERED** that plaintiff is granted twenty (20) days in which to submit to the court an initial partial filing fee of $ 23.50. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required herein may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same twenty-day period plaintiff must show cause why this action should not be dismissed for failure to name as defendant the person or persons who actually participated in the negligent act upon which the complaint is based.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Issuance of

---

[1] Even if Mr. Jones amended his Complaint to properly name as defendant the person at the CCA who either negligently prepared or served his food with onions, this court lacks jurisdiction unless that person is a resident of a state other than Kansas, which is unlikely given the alleged tortfeasor's employment in Kansas. Plaintiff is again advised that his remedy, if any, appears to be a claim for negligence in state court.

Summons (Doc. 3) is denied, without prejudice.[2]

**IT IS SO ORDERED.**

Dated this 15th day of September, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

[2] As plaintiff was informed in his prior action, the court automatically orders service if a complaint survives screening.