IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**REGINALD JONES,**

    **Plaintiff,**

    v.         CASE NO. 10-3167-SAC

**CORRECTIONS CORPORATION**
**OF AMERICA,**
**et al.,**

    **Defendants.**

**O R D E R**

  On September 15, 2010, the court entered an Order assessing an initial partial filing fee and giving plaintiff time to show cause why this action should not be dismissed for failure to name as defendant the person or persons who actually participated in the negligent act upon which the Complaint is based. In response, plaintiff has paid the part fee and has filed a First Amended Complaint as well as a Response. Having considered these pleadings, the court finds as follows.

  In his First Amended Complaint, Mr. Jones again names CCA and Canteen Services, Inc., as defendants, and adds two John Doe defendants. The two corporate entities named by plaintiff are still not alleged to have had any direct personal involvement in the events at the Leavenworth CCA of which Mr. Jones complains. Nor does plaintiff describe any corporate policy and explain how it gave rise to the alleged events. The private corporations named as defendants herein cannot be held liable on a respondeat superior

theory, as plaintiff seems to suggest. The court concludes that Mr. Jones has not shown the personal participation of either of these entities, and states no factual or legal basis for their liability in a federal civil rights action based upon the facts alleged in the Complaint. Accordingly, defendants CCA and Canteen Services, Inc., shall be dismissed from this action.

Plaintiff sues on a negligence theory, and was advised in his prior action that his remedy for such a claim, if any, was in state court. He was also advised that even if he amended his Complaint to properly name as defendant the person employed at the CCA who either negligently prepared or served his food with onions, this court lacks jurisdiction unless that person is a resident of a State other than Kansas. Nevertheless, Mr. Jones persists in attempting to maintain his negligence claim in federal court by asserting diversity jurisdiction. The problem with this assertion is that Mr. Jones alleges he is a resident of Kansas, and does not allege facts showing that the two John Does, employees of the CCA in Leavenworth, are residents of a different state. He incorrectly argues that the residency of these two defendants is irrelevant. Mr. Jones may not create diversity by insisting on improperly naming two private corporations as additional defendants, and claiming their principal places of business are outside Kansas. In short, the court finds that plaintiff has not alleged facts to show that this court has jurisdiction under either 28 U.S.C. § 1331 or § 1332 over those individuals properly named in the Complaint.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Proceed

Without Prepayment of Fees (Doc. 2) is granted, and he is assessed the full filing fee herein of $350.00, less the partial fee already paid, and that payments are to be collected by prison officials from his inmate account pursuant to 28 U.S.C. § 1915(b)(2) until the remaining balance is paid in full.[1]

**IT IS FURTHER ORDERED** that this action is dismissed as against defendants CCA and Canteen Services, Inc., due to plaintiff's failure to allege personal participation by these defendants and failure to allege a legal theory under which they are liable to plaintiff in federal court based upon the allegations in the Complaint.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, as against defendant John Doe #1 and defendant John Doe #2 because plaintiff has not shown that these defendants violated his federal constitutional rights so as to state a claim under 28 U.S.C. § 1331 and has not alleged facts establishing diversity jurisdiction under 28 U.S.C. § 1332.

The clerk is directed to transmit a copy of this Order to the finance office at the institution where plaintiff is currently confined.

**IT IS SO ORDERED.**

---

[1] Pursuant to §1915(b)(2), the Finance Office of the facility where plaintiff is confined is directed by copy of this Order to collect twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

Dated this 30th day of November, 2010, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge