**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**REGINALD JONES,**

        **Plaintiff,**

    **v.**                                 **CASE NO. 10-3167-SAC**

**CORRECTIONS CORPORATION**
**OF AMERICA, et al.,**

        **Defendants.**

**O R D E R**

This pro se prisoner complaint was dismissed and all relief was denied by Order entered November 30, 2010. On December 13, 2010, plaintiff filed a "Motion for Leave" to clarify and correct the court record and to "Alter or Amend the Judgment" pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Having considered this motion, the court finds as follows.

"A motion to alter or amend a judgment pursuant to Fed.R.Civ.P. 59(e) may be granted only if the moving party can establish (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice." Wilkins v. Packerware Corp., 238 F.R.D. 256, 263 (D.Kan. 2006), aff'd 260 Fed.Appx. 98 (10th Cir. 2008)(citing Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995)). Rule 59(e) "does not permit a losing party to rehash or restate arguments previously addressed or to present new legal theories that could have been raised earlier." see Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000); Resolution Trust Corp. v. Greif, 906 F.Supp. 1446, 1456 (D. Kan.

1995). Nor does it permit a losing party to present supporting facts that could have been included in plaintiff's earlier filings. Wilkins v. Packerware Corp., 238 F.R.D. at 263 (citing Brown v. Presbyterian Healthcare Servs., 101 F.3d 1324, 1332 (10th Cir. 1996), cert. denied, 520 U.S. 1181 (1996)); Servants of Paraclete, 204 F.3d at 1012). The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. Van Skiver v. U.S., 952 F.2d 1241, 1243-44 (10th Cir. 1991), cert. denied, 506 U.S. 828 (1992).

Upon careful review of Mr. Jones' timely-filed motion, the court finds that plaintiff is neither contending that there has been an intervening change in the law nor presenting any newly discovered evidence that was previously unavailable. Instead, his allegations may be read as asserting that the court must alter or amend the judgment to "correct clear error or prevent manifest injustice." The error that plaintiff seeks to correct is his own rather than the court's.

Plaintiff asserted in his original complaint that he was a citizen of the State of Kansas due to his incarceration at the CCA in Kansas and that the other named defendants, who were corporations, were residents of different states. In his motion, plaintiff seeks permission to correct the record to reflect that his domicile is in Missouri[1] and that all defendants are residents of Kansas.

---

[1] State citizenship, or domicile for purposes of diversity jurisdiction is determined by two factors: residence and intent to remain. 28 U.S.C.A. § 1332(a)(1). In the case of a prisoner, the court applies the presumption that when a prisoner has been moved out-of-state by prison officials, the prisoner's citizenship for diversity purposes is in the State where he was domiciled before he was imprisoned. Smith v. Cummings, 445 F.3d 1254, (10th Cir. 2006).

Mr. Jones' motion clearly consists of newly presented factual assertions and arguments. Even though the court believes it could appropriately decline to review this additional evidence that must have been available earlier, it declines to deny plaintiff's motion on this ground. There is nothing before the court to indicate that plaintiff is acting in bad faith. Instead, it appears that Mr. Jones simply has not understood the prerequisites for diversity jurisdiction or the domicile rule for prisoners.

The motion filed by plaintiff appears to include a partial amended complaint.[2] For example, in this motion, plaintiff provides the names of his two John Doe defendants and alleges that John Doe #1 was the head cook at the CCA and John Doe #2 was a canteen employee at the CCA who served him the meal in question. To substitute the names of these persons for his John Doe defendants, plaintiff must file a proper Amended Complaint in which he names the persons as defendants in the caption and the body and provides the information called for in the form complaint.

In his motion, plaintiff also states that dismissed defendant CCA "failed to properly train and supervise officer Gray," and that dismissed defendant Canteen Services, Inc., failed to adequately train and supervise Maulkia. Any additional facts that plaintiff seeks to allege to support his negligence claims against any defendants must be presented to the court in an Amended Complaint and all defendants must be named in the caption and their actions or

---

[2] However, since it is a motion for relief from judgment and not one to file an amended complaint, it was appropriately not docketed as an Amended Complaint. This case is closed, and plaintiff has not filed a separate, complete Amended Complaint upon court-approved forms that complies with Rule 15 of the Federal Rules of Civil Procedure. A plaintiff does not properly amend a complaint by making additional allegations in a post-judgment motion and referring to some paragraphs from his original complaint.

inactions described in the body.

The court grants plaintiff's motion, but only to the following extent. This action is reopened to give plaintiff time to file a proper Amended Complaint upon court-provided forms. Plaintiff may not simply refer to his original complaint or the instant motion, but must submit a complete Amended Complaint that contains all his claims and factual allegations in support. In his Amended Complaint, Mr. Jones is required to allege facts establishing complete diversity of citizenship between him and all named defendants.[3] Since, he has made conflicting statements as to his domicile, he must present additional convincing facts or some sort of record evidence establishing that he resided in Missouri prior to his incarceration in Kansas and intends to return to Missouri. For example, he might provide evidence of a license issued by the State of Missouri; copies of tax returns or records of tax payments in Missouri; employment, bank, bill paying, or property records from Missouri; representations as to his Missouri residence in public documents including in other litigation; or connections with a

---

[3] 28 U.S.C. § 1332(a) provides that district courts shall have original jurisdiction over any civil action "where the matter in controversy exceeds the sum or value of $75,000," and the dispute is between "citizens of different states." "This statute and its predecessors have consistently been held to require complete diversity of citizenship." Owen Equip., and Erection Co. v. Kroger, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." Id. Federal courts are courts of limited jurisdiction and, as such, must have a statutory or constitutional basis to exercise jurisdiction. There is a presumption against federal jurisdiction, and the party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. Mere conclusory allegations of jurisdiction are not enough. See e.g. Montoya v. Chao, 296 F.3d 952, 955 (10th Cir. 2002); United States ex rel. Hafter, D.O. v. Spectrum Emergency Care, Inc., 190 F.3d 1156, 1160 (10th Cir. 1999); Marcus v. Kansas Dept. of Revenue, 170 F.3d 1305, 1309 (10th Cir. 1999); Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir.), cert. denied, 516 U.S. 863 (1995). Instead, a plaintiff must present facts to show jurisdiction and support those facts with competent evidence. A court lacking jurisdiction must dismiss the case regardless of the stage of the proceeding when it becomes apparent that jurisdiction is lacking.

Missouri community through organizations and other involvement.

In addition, Mr. Jones must allege facts showing the basis for his claim of entitlement to money damages in excess of $75,000. The face of the original complaint contains no indication that Mr. Jones is entitled to the large amount of damages that he seeks. The complaint is based upon a single isolated incident of Mr. Jones being negligently served a dish containing onions to which he had a "severe allergic" reaction; however, plaintiff indicated in an earlier complaint based upon the same incident that he was provided immediate effective treatment. The complaint does not contain claims based upon medical bills or loss of earnings, and alleges no facts indicating serious, permanent, or extended physical pain or injury. It thus appears at this juncture to a legal certainty that plaintiff would not be able to recover damages in excess of $75,000. See <u>Horton v. Liberty Mut. Ins. Co.</u>, 367 U.S. 348, 353 (1961). Plaintiff must allege facts upon which he bases his claim for compensatory and punitive damages in excess of $75,000 in order to establish that this court has diversity jurisdiction over his claims.[4]

Also in his Amended Complaint, Mr. Jones must substitute the actual names for his John Doe defendants and include the requisite information for these individuals. In sum, plaintiff's motion shall be granted to reopen this case, and plaintiff shall be given time to file a complete Amended Complaint in which he alleges facts that establish diversity jurisdiction. If he fails to file a proper

---

[4] The court also notes that it will be required to screen the Amended Complaint and dismiss the complaint or any portion thereof that is frivolous or fails to state a claim for relief.

Amended Complaint as specified in this Order in the time allotted, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Alter or Amend Judgment (Doc. 11) is granted to the extent that this case is reopened to allow plaintiff to file an Amended Complaint that establishes that this court has diversity jurisdiction over his claims and that is in compliance with the Federal Rules of Civil Procedure and the foregoing Order.

The clerk is directed to send § 1983 forms to plaintiff.

**IT IS SO ORDERED.**

Dated this 12th day of July, 2011, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge