IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

R<span>EGINALD</span> E. J<span>ONES</span>,

        Plaintiff,

vs.                                  Case No. 10-3167-JTM

C<span>ORRECTIONS</span> C<span>ORPORATION OF</span> A<span>MERICA</span>,
E<span>T</span>. A<span>L</span>,

        Defendants.

MEMORANDUM AND ORDER

Defendant Mahuiki's Rule 12(b)(2) and (5) Motion to Dismiss (Dkt. No. 26) is before the court. For the following reasons, the court denies the motion.

**I. Attempted Service on Mahuiki**

Plaintiff, Reginald E. Jones, an inmate formerly housed at the Leavenworth Detention Center (LDC), has filed suit against several defendants, including Mahuiki, based on an incident in which he was served a meal containing onions—Mr. Jones contends he is allergic to onions. Mr. Mahuiki is a former employee of Compass Group, U.S.A., Inc., d/b/a Canteen Correctional Services. Mr. Mahuiki was employed as Canteen's Food Services Director at the LDC from October 29, 2009, to November 20, 2010. The United States Marshals attempted to serve Mahuiki a copy of the summons and Complaint at the LDC located at 100 Highway Terrace, Leavenworth, Kansas on August 25, 2011, by certified mail. Louise Bower, an employee of the Corrections Corporation of America

(owner and operator of the LDC) signed for the documents. Mahuiki did not sign for, accept, or receive a copy of the Summons or Complaint. During his employment he lived in Shawnee, Kansas, but Canteen asserts it does not know where he lives now.

**II. Mr. Jones Failed to Serve Mahuiki Properly**

A federal court lacks personal jurisdiction over a defendant if service of process is insufficient under Rule 4. *See Nicks v. Brewer*, No. 10-1220, 2010 WL 4868172, at *4 (D. Kan. Nov. 23, 2010). The plaintiff has the burden of showing by a preponderance of the evidence that jurisdiction is proper. *United States ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002). "The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt." *Taylor v. Osawatomie State Hosp.*, No. 07-2346, 2008 WL 2891011, at *1 (D. Kan. July 24, 2008).

Under Fed. R. Civ. P. 4(e), service upon an individual from whom a waiver has not been obtained and filed may be served in a United States District by (1) following the law of the state in which the district is located, (2) delivering a copy of the summons and complaint to the individual personally, (3) leaving a copy at the person's "dwelling or usual place of abode with someone of suitable age and discretion who resides there," and (4) "delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Kansas law allows for service upon an individual by certified mail to the person's dwelling house or usual place of abode. KAN. STAT. ANN. § 60-303(c). But it does not provide for service by certified mail to a business address, unless and until the certified mail to "the individual's dwelling house or usual place of abode [is] refused or unclaimed." KAN. STAT. ANN. § 60-304(a). If this happens, service is permitted only after

filing a return on service stating the certified mailing to the individual at her dwelling house or usual place of abode has been refused or unclaimed. *Id.*

Mr. Jones's pro-se status does not excuse his obligation to comply with the Federal Rules of Civil Procedure. *See Oltremari v. Kan. Soc. & Rehab. Serv.*, 871 F. Supp. 1331, 1349 (D. Kan. 1994). Here, he failed to meet the requirements of Rule 4(e) for service on an individual because Mahuiki was not served. The summons and complaint were sent to his former business office at the LDC and signed for by a person who was not his agent authorized to accept service. And Mahuiki did not waive service under Rule 4(d). Nevertheless, the court denies defendant's motion and orders defense counsel to assist the Clerk of the Court and the U.S. Marshal's Service by providing any information in defendants' possession or in the possession of defense counsel concerning Mahuiki's address. Defense counsel shall report this information to this court by letter report, with a copy to Mr. Jones, by December 16, 2011. Once this information has been provided, the Clerk shall issue summons on Mahuiki for service by the Marshals.

**III. Mr. Jones's Motion for Access to Law Library Is Denied**

Mr. Jones filed a Motion for Court Order for Access to Law Library (Dkt. No. 29) seeking an Order from this court requiring the United States Penitentiary in Terre Haute, Indiana to give him access to the prison library for two hours a day on Monday through Friday so he could respond to the Motion to Dismiss. Because Mr. Jones filed his Response in time, this motion is denied as moot.

IT IS ACCORDINGLY ORDERED this 23rd day of November 2011, that defendant Mahuiki's Rule 12(b)(2) and (5) Motion to Dismiss (Dkt. No. 26) is denied. After defendants have provided the above-noted information, the Clerk shall issue summons on Mahuiki for service by the

Marshals.

IT IS FURTHER ORDERED that plaintiff's Motion for Court Order for Access to Law Library (Dkt. No. 29) is denied.

s/ J. Thomas Marten<br>
J. THOMAS MARTEN, JUDGE