IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

REGINALD E. JONES,

    Plaintiff,

vs.                          Case No. 10-3167-JTM

CORRECTIONS CORPORATION OF AMERICA,
ET. AL,

    Defendants.

MEMORANDUM AND ORDER

On November 28, 2011, this court denied defendant Compass Group USA, Inc. d/b/a Canteen Correctional Services's Motion to Dismiss. *See* Dkt. No. 35. The court also ordered defense counsel to provide any information concerning defendant Mahuiki's address by sending this court a letter report and also providing Mr. Jones a copy by December 16, 2011. Canteen has now filed the present Motion for Partial Reconsideration of the Court's November 28, 2011 Order (Dkt. No. 39). For the following reasons, the court grants the motion.

Local Rule 7.3(b) requires that "[p]arties seeking reconsideration of non-dispositive orders must file a motion within 14 days after the order is filed unless the court extends the time." A motion to reconsider may be granted to correct manifest errors, or in light of newly discovered evidence. Such a motion is appropriate only if the moving party establishes: (1) an intervening change in controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest

injustice. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *see also* D. KAN. R. 7.3(b)(1)-(3). A motion for reconsideration "is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.* It is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. General Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

Here, Canteen requests reconsideration of the portion of the Order requiring it to provide a letter report containing defendant Mahuiki's address to Mr. Jones. Canteen contends requiring it to disclose the address to Mr. Jones is manifestly unjust. As an alternative, Canteen requests this court permit it to submit the letter report either *in camera* or under seal.

Under Fed. R. Civ. P. 5.2(d), "[t]he court may order that a filing be made under seal without redaction. The court may later unseal the filing or order the person who made the filing to file a redacted version for the public record." Several courts have held that inmates are not entitled to obtain personal information about correctional employees and that disclosing the information creates a threat to that employee's personal safety. *See, e.g.*, *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *Cody v. Leon*, No. CIV. 09-4169, 2010 WL 222667, at *1-2 (D.S.D. Jan. 19, 2010); *Skinner v. Beemer*, No. 05-71150, at *1 (E.D. Mich. Oct. 11, 2007); *Kowalski v. Stewart*, 220 F.R.D. 599, 600 (D. Ariz. 2004). To minimize the risk to the employee while also facilitating the inmate's ability to obtain service of process, many courts have allowed defendants to provide the address of correctional employees' under seal or *in camera*. *See Cody*, 2010 WL 222667, at *1 ("[T]he Court could help [plaintiff] effect service by requiring that addresses for former employees be provided

to the Court under seal, but no authority establishes either that [plaintiff]  has a right to that information from any prison official . . . .") (alterations added); *Skinner*, 2007 WL 2982419, at *1 ("Although the Court is disinclined to provide Defendant Mainprize's home address to the Plaintiff, it would be appropriate to direct the MSP to provide his last known address to the Court *in camera*, subject to a protective order that it will not be provided to the Plaintiff himself.").

Here, Canteen's Motion for Reconsideration is well founded. Mr. Jones is a convicted felon with a history of violent behavior. As such, the court finds that it would pose a safety risk to disclose Mr. Mahuiki's address to Mr. Jones. The potential risk of harm outweighs the public interest in access to the filing as well. And the court may order a redacted version of the filing at a later date if necessary. *See* FED. R. CIV. P. 5.2(d). Therefore, the court's previous Order requiring Canteen to disclose Mr. Mahuiki's address to Mr. Jones is unjust to the extent it required disclosure of the address, and Canteen's Motion for Partial Reconsider is granted.

IT IS ACCORDINGLY ORDERED this 14th day of December 2011, that the defendant's Motion for Partial Reconsideration of the Court's November 28, 2011 Order (Dkt. No. 39) is granted.

IT IS FURTHER ORDERED that Canteen may file its letter report containing Mr. Mahuiki's address under seal. Canteen must file the report no later than December 21, 2011. The Clerk's Office shall not provide Mr. Jones with a copy of the letter report.

s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
