IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


REGINALD E. JONES,

        Plaintiff,

vs.                                                  Case No. 10-3167-JTM

CORRECTIONS CORPORATION OF AMERICA, et al.,

        Defendants.


MEMORANDUM AND ORDER

The defendant's Motion to Review the Magistrate's Order of January 18, 2012, (Dkt. No. 49) is before the court. For the following reasons, the court denies the motion.


**I. Factual Background**

Plaintiff, Reginald Jones, formerly an inmate at the Correctional Corporation of America (CCA), contends that defendant, Canteen Services, Inc., negligently served him a meal containing an ingredient to which he was allergic. Mr. Jones filed his original complaint (Dkt. No. 1) on August 16, 2010, naming the CCA and Compass, the contracted food service provider at CCA, as defendants. He filed his First Amended Complaint (Dkt. No. 5) on September 30, 2010, adding John Doe #1 and #2 as defendants. According to the Amended Complaint (Dkt. No. 14), Mr. Jones was incarcerated at the CCA and advised facility employees that he was highly allergic to any food containing onions. On December 15, 2009, Mr. Jones alleges that Compass served him a meal

containing onions that he consumed, causing a severe allergic reaction. Mr. Jones further alleges this allergic reaction led to physical injury, as well as mental pain and suffering for which he requires continuing medication and mental health counseling.

On November 30, 2010, the court dismissed (Dkt. No. 9) the action against defendants CCA and Canteen Services, Inc. and dismissed without prejudice against defendants John Doe #1 #2. Mr. Jones filed a Motion to Alter or Amend Judgment on December 13, 2010 (Dkt. No. 11). The motion was granted to the extent that the case was reopened to allow Mr. Jones to file an Amended Complaint to establish that the court had diversity jurisdiction over his claims and that his Complaint was in compliance with the Federal Rules of Civil Procedure and the foregoing Order.

On August 18, 2011, Mr. Jones filed an Amended Complaint (Dkt. No. 14) naming Mr. Marhuiki, a food service supervisor, and Mr. Gray, a corrections officer, and Sheldon Richardson as defendants. CCA answered on September 16, 2011, on behalf of itself and defendants Gray and Richardson (Dkt. No. 25). On October 28, 2011, Mr. Jones again filed a Motion for Leave to Amend Complaint (Dkt. No. 33), in which he sought to add Compass Group USA, Inc. and Mr. Gary Green as defendants. On November 30, 2011, Magistrate Judge Karen Humphreys denied without prejudice Mr. Jones' Motion for Leave to Amend Complaint (Dkt. No. 36). In her order, the magistrate instructed Mr. Jones that his motion did not include a proposed amended complaint as required by D. Kan. R. 15.1. The magistrate advised Mr. Jones that the proposed amended complaint containing the allegations against newly added defendants must be attached to the motion so the complaint could be served on these defendants if the motion was granted.

On December 15, 2011, Mr. Jones once again filed a Motion for Leave to Amend Complaint (Dkt. No. 42) to add Compass and Mr. Green as defendants. Canteen Services filed an Answer on

December 27, 2011 (Dkt. No. 45). On January 18, 2012, Judge Humphreys granted the motion (Dkt. No. 47). In her order, she noted that no objection to the motion had been filed, concluded that the motion was uncontested, and granted the motion pursuant to D. Kan. R. 7.4. She ordered that Pages 2 through 4 of the motion be construed as the amended allegations against Compass and Mr. Green.

On February 1, 2012, Compass filed an Objection to Order of Magistrate Judge (Dkt. No. 49). Compass argues that Judge Humphreys overlooked the defects in Mr. Jones' Motion to Amend and failed to either independently evaluate the merits of the Motion to Amend or screen the proposed amendment, which was not attached.

## II. Legal Standard

Under Fed. R. Civ. P. 72(a), a party may file an objection to a magistrate's nondispositive order. Upon review, the district judge "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. P. 72(a). The district court must affirm the magistrate's order "unless it on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988). Because a magistrate has broad discretion in resolving discovery disputes, the court will overrule the magistrate's decision only on an abuse of discretion. *Comeau v. Rupp*, 762 F. Supp. 1434, 1450 (D. Kan. 1991).

## III. Analysis

Compass's first argument is that the judge failed to independently evaluate the merits of Mr. Jones's Motion to Amend, even though the motion lacked a response. Compass argues that while

the court will "ordinarily" grant an uncontested motion, it is appropriate for the court to independently evaluate and deny a motion that is deficient or requests inappropriate relief. D. Kan. R. 7.4. states, "if a responsive brief or memorandum is not filed within the Rule 6.1(d) time requirements, the court will consider and decide the motion as an uncontested motion. Ordinarily, the court will grant the motion without further notice." However, a court is not required to grant an uncontested motion regardless of the evidence of record. *Whitfield v. Clippinger*, No. 08-2085, 2009 WL 102669, at *1 (D. Kan. Jan. 7, 2009). When considering an uncontested motion, "the court will not grant defendants' motion to dismiss solely on a default basis." *Id.* In *Butler National Service Corp. v. Navegante Group, Inc.*, a magistrate judge evaluated a Motion for Leave to File First Amended Complaint on its merits, despite the absence of an attached brief or memorandum in support as required by D. Kan. R. 7.1(a). Nos. 09-2466, 09-2554, 2010 WL 4285035, at *1 (D. Kan. Oct. 22, 2010). The magistrate's order cited the policy goals advanced by the drafters of the Federal Rules of Civil Procedure:

> Having considered the relevant law and the parties' respective arguments, the Court concludes that although it is within its discretion to summarily deny [the] Motion for failure to comply with D. Kan. Rule 7.1(a), the Court concludes that the Motion should be considered on its merits. In reaching this conclusion, the Court notes that "[i]n exercising its discretion, the court must keep in mind that the Federal Rules of Civil Procedure are designed to facilitate decisions on the merits rather than on pleading technicalities."

*Id.* at *1 (alteration in original) (quoting *Rural Water Dist. No. 4, Douglas County, Kan. v. City of Eudora, Kan.*, No. 07-2463, 2008 WL 1867984, at *4 (D. Kan. Apr. 24, 2008)). Upon evaluating the motion, the court found the plaintiff had not pled a plausible claim for fraud and denied the motion on the ground that the proposed amendment would be futile. *Id.* at 3.

Even while acknowledging its authority to grant uncontested motions pursuant to D. Kan. R. 7.4, a court may evaluate the merits of a motion. In *United States. v. Approximately Twenty Mexican Gold Coins*, this court granted an uncontested motion to strike a claim based on the provisions of D. Kan. R. 7.4 and its evaluation of the motion. 637 F.Supp. 2d 957 (D. Kan. June 29, 2009). Courts may choose to independently evaluate a motion based on the nature of the motion. In *Mavrovich v. Vanderpool*, the court considered whether plaintiff's failure to respond to a motion to dismiss should result in dismissal of the action. 427 F. Supp.2d 1084 (D. Kan. Apr. 12, 2006). While acknowledging its power to grant a motion based on failure to respond, the court stated that because that would mean dismissing plaintiff's action against all defendants, it would address the merits of defendants' motion to dismiss based on res judicata. *Id.* at 1088.

Compass's second argument is that the Magistrate Judge failed to fulfill the screening obligation imposed in the context of inmate-initiated litigation under 28 U.S.C. § 1915(e)(2)(B) and/or 42 U.S.C. § 1997e(c) – both part of the Prison Litigation Reform Act (PLRA). A court shall dismiss a case at any time if it determines that the action or appeal before it "(i) is frivolous or malicious;  (ii) fails to state a claim on which relief may be granted; or  (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). A court shall dismiss any action brought regarding prison conditions under section 1983 of this title, or any other Federal law, by a prisoner "if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c). The congressional purpose behind the PLRA is to reduce the state's burden of responding to frivolous actions or of deterring frivolous prisoner litigation. *Ramsey v. Coughlin*, 94 F.3d 71, 73 (2nd Cir.1996). Compass claims the Magistrate Judge's order

granting the motion despite Mr. Jones's failure to follow the procedural rules and the court's instructions places the court in the role of an advocate for the plaintiff and constitutes an abdication of PLRA's screening obligation. However, it is not entirely clear under which portion of 28 U.S.C. § 1915(e)(2)(B) or 42 U.S.C. § 1997e(c) Compass advocates the dismissal of Mr. Jones's motion. This court will assume that Compass alleges failure to state a claim, based on its stated objection to "the unwarranted burden and expense of deciphering and responding to disjointed allegations and claims that lack a properly asserted factual and/or legal foundation."

Compass acknowledges that a pro se litigant's pleadings must be liberally construed, but argues that Mr. Jones's incarceration and pro se status do not excuse his alleged failure to comply with court rules or the Magistrate Judge's November 30, 2011, Order (Dkt. No. 36) instructing Mr. Jones that a proposed amended complaint must be attached to his Motion for Leave to Amend. Compass first cites *Green v. Dorrell*, in which the court upheld an order dismissing a pro se plaintiff's civil rights suit. 969 F.2d 915 (10th Cir. 1992). "Although we construe [plaintiff]'s pleadings liberally because he is a pro se litigant, he nevertheless must follow the same rules of procedure that govern other litigants." *Id.* at 917 (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)). Compass also cites *Ogden v. San Juan County*, in which the Tenth Circuit stated that a litigant's pro se status does not excuse the obligation to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure. 32 F.3d 452, 455 (10th Cir. 1994) (citing *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

However, *Ogden* is similar to this case. In *Ogden*, the pro se litigant belatedly filed a notice of appeal, which the court dismissed. *Id.* at 454. The litigant contended in his notice of appeal that he did not receive notice of the district court's order dismissing his case. *Id.* The court concluded that

because he had proffered an excuse, the litigant appeared to recognize his timeliness problem. *Id.* The court chose to liberally construe the litigant's notice of appeal as a motion to reopen for appeal pursuant to Fed. R. App. P. 4(a)(6). *Id.* In the present case, the magistrate chose to liberally construe Pages 2 through 4 of Mr. Jones's Motion for Leave to Amend as the amended allegations against Compass and Mr. Green (Order on Motion for Leave to Amend Complaint, Dkt. No. 47). The Tenth Circuit further discussed the treatment of pro se pleadings in *Peterson v. Shanks*. 149 F.3d 1140 (10th Cir. 1998). In this case, a pro se litigant brought a § 1983 action alleging that prison officials violated a variety of his rights. *Id.* at 1142. The court explained that it would not penalize pro se litigants for their technical errors or their inexperience with pleading requirements:

> [I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. At the same time, we do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant.

*Id.* at 1143 (internal quotations omitted)(quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). The court cautioned that it would not supply additional facts or construct a legal theory assuming facts that have not been pled. *Id.* (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (per curiam)). While Mr. Jones failed to attach a proposed amended complaint to his Motion for Leave to Amend, the Magistrate Judge determined that the claims outlined in Pages 2 through 4 of plaintiff's motion were sufficient to constitute amended allegations.

Compass claims an independent evaluation or screening by the magistrate would have revealed that Mr. Jones's Motion to Amend was defective and, thus, subject to dismissal. Compass cites three deficiencies of the motion: (1) plaintiff did not set forth a concise statement of the

proposed amendment as required by D. Kan. R. 15.1(a)(1); (2) plaintiff did not attach a proposed amended complaint as required by D. Kan. R. 15(a)(2); and (3) plaintiff did not state the factual and/or legal bases for the motion and proposed amendment with sufficient particularity as required by Fed. R. Civ. P. 7(b)(1). First, D. Kan. R. 15.1(a)(1) states that a party filing a motion to amend must "set forth a concise statement of the amendment or leave sought." In his Motion for Leave to Amend Complaint (Dkt. No. 42), Mr. Jones specifically sought to amend his complaint to add Compass and Mr. Green as defendants. A heading at the top of Mr. Jones's motion reads, "Motion for Leave to Amend Complaint To Add Defendants." The opening paragraph states, "Plaintiff Reginald E. Jones pro se files with the court this motion for leave to amemd (sic) complaint to add Compass Group INC. and Gary Green, President-Chief Executive Officer of Compass Group INC. as Defendants." In this opening paragraph and the preceding heading, plaintiff has concisely stated the amendment he seeks to make.

     Second, D. Kan. R. 15(a)(2) states that a party filing a motion to amend must also attach the proposed pleading or other document. While Mr. Jones did not attach a proposed amended complaint, he did set out five claims of negligence against the defendant on Pages 2 through 4 of his motion (Dkt. No. 42). In the Magistrate Judge's order granting Mr. Jones's motion, the court ordered that these pages be construed as the amended allegations against Compass Group and Mr. Green.

     Third, Fed. R. Civ. P. 7(b)(1) states that a motion must "state with particularity the grounds for seeking the order." In the opening paragraph of his Motion for Leave to Amend, Mr. Jones states that the court "should allow leave due to the facts that has (sic) just become known to the plaintiff the identitys (sic) of new Defendants." In so writing, Mr. Jones has stated with specificity the grounds for seeking this order.

Leave to amend the pleadings "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). In *Minter v. Prime Equipment Co.*, the court reiterated the policy of deciding claims on their merits, rather than on procedural technicalities:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason - such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.- the leave sought should, as the rules require, be freely given.

451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). In this case, the Magistrate Judge noted that Compass has already voluntarily entered its appearance and filed an answer to Mr. Jones's Second Amended Complaint. The Magistrate Judge found that Mr. Jones's Motion for Leave to Amend Complaint was uncontested and granted it pursuant to D. Kan. R. 7.4. This court cannot say that such a decision was clearly erroneous or contrary to law.

IT IS ACCORDINGLY ORDERED this 6th day of August, 2012, that Compass' Motion to Review the Magistrate's Order of January 18, 2012, (Dkt. No. 47) is hereby denied.

s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE